# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

JAMES R. STANFORD,
CDCR No. AY-0663,

                            Plaintiff,

vs.

UNKNOWN,

                            Defendants.

Case No.: 3:18-cv-02698-GPC-NLS

**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)**

On November 16, 2108, James R. Stanford ("Plaintiff"), proceeding pro se and while housed at the Richard J. Donovan Correctional Facility ("RJD") filed a letter which was liberally construed to be an attempt to file a civil rights action in the Eastern District of California. *See* Compl., ECF No. 1. On November 28, 2018, United States Magistrate Judge Edmund Brennan determined that "any potential defendants or claims arising from plaintiff's safety concerns at [RJD] would be located in San Diego County" and transferred the matter to this Court. ECF No. 3.

## I. Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the Plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2)*; Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence this civil action, nor has he filed a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Conclusion and Order

Accordingly, the Court:

(1) **DISMISSES** this action sua sponte without prejudice for failure to pay the $400 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2) **GRANTS** Plaintiff **thirty (30)** days leave from the date this Order is filed to: (a) prepay the entire $400 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed IFP.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

The Court further **DIRECTS** the Clerk of the Court to provide Plaintiff with the Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $400 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within 30 days, this action will remain dismissed without prejudice based on Plaintiff's failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements.

**IT IS SO ORDERED.**

Dated: December 4, 2018

Hon. Gonzalo P. Curiel
United States District Judge